UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KENNETH J. PHELAN,

               Petitioner,

     v.                                              9:21-CV-0573
                                                        (GLS/DJS)

S. ECKERT,

               Respondent.

---

APPEARANCES:                                      OF COUNSEL:

KENNETH J. PHELAN
Petitioner, pro se
Albany, NY 12210

GARY L. SHARPE
United States Senior District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner Kenneth J. Phelan seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."), Dkt. No. 1-1 & 1-2.[1] Additionally, petitioner also applied for appointment of counsel. Pet. at 18-19; Dkt. No. 1-1 at 24, 32.

On May 19, 2021, this action was administratively closed due to petitioner's failure to properly commence it. Dkt. No. 2, Administrative Closure Order. Petitioner was advised that if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of five dollars ($5.00), or (2) submit a completed, signed, and properly certified in forma pauperis (IFP) application, within thirty (30) days of the filing date of that Order. *Id.* at 2-3.

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

On June 9, 2021, the Court received the statutory filing fee and reopened this action. Dkt. Entry of June 9, 2021 (indicating receipt information for the filing fee transaction); Dkt. No. 4, Text Order Reopening Case.

For the reasons that follow, the petition is dismissed without prejudice, as premature, with leave to re-file once petitioner's claims have been fully exhausted and the state court proceedings have concluded. Additionally, petitioner's application for appointment of counsel, Pet. at 18-19; Dkt. No. 1-1 at 24, 32, is denied without prejudice and with a right to renew in the event he re-files his habeas petition.

## II. THE PETITION

Petitioner challenges a 2012 judgment of conviction in Cayuga County, upon a guilty plea, of making a terrorist threat and second degree aggravated harassment. Pet. at 1. Petitioner did not appeal the conviction or seek another other avenue of review by a higher state court. *Id.* at 2-4.

Petitioner argues that he is entitled to federal habeas relief because: (1) his First Amendment Right to Freedom of Speech was violated by his conviction (Pet. at 5-7; Dkt. No. 1-1 at 35; Dkt. No. 1-2 at 1-9); (2) his equal protection rights were violated when his conviction stood while others had their convictions for making terrorist threats vacated (Pet. at 15-16; Dkt. No. 1-2 at 9-13); (3) the prosecutor withheld exculpatory *Brady* information in violation of petitioner's constitutional rights (Pet. at 7-8; Dkt. No. 1-2 at 13-15); (4) he was blackmailed and coerced into pleading guilty (Pet. at 11-13; Dkt. No. 1-2 at 15-16); (5) in order to go to court and exercise his constitutional rights, petitioner was subject to cruel and unusual punishment (Pet. at 13-14; Dkt. No. 1-2 at 16-18); (6) his counsel was constitutionally ineffective (Pet. at 8-11; Dkt. No. 1-2 at 18-22, 23-26); (7) Penal Law

§ 240.30, as written, was unconstitutional in 2012 (Pet. at 14-15; Dkt. No. 1-2 at 22-23); and (8) he is actually innocent (Pet. at 17). For a complete statement of petitioner's claims, reference is made to the petition and attached exhibits.

### III. DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, it is clear that petitioner has not yet properly exhausted his claims because he has stated as much. Pet. at 2-4. Accordingly, the state courts have not concluded their one complete round of evaluation of petitioner's claims; therefore, the habeas petition is not yet ripe for review. *See O'Sullivan*, 526 U.S. at 845.

3

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.*, where further pursuit would be futile). *See* 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

While petitioner's papers do not reflect his awareness that his petition was filed prematurely as a sort of protective filing, to the extent that petitioner may be understood to request that this action be stayed and his petition held in abeyance, that request is denied. The Supreme Court has stated, in dicta, that "[i]n many cases a stay will be preferable . . . and . . . will be the only appropriate course in cases . . . where an outright dismissal could jeopardize the timeliness of a collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (citing *Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., with whom Souter, J. joins, concurring in part in the judgment)). In similar situations, such requests evaluating "whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *See Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017) (applying *Rhines* factors to protective filings where petitioners' are attempting to ensure their habeas petition's timeliness). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

4

Here, to the extent petitioner is attempting to request a stay, petitioner has not argued, much less established, that he had "good cause" for failing to exhaust his claims in state court before filing his petition. While petitioner claims that he suffers from serious mental illness which was allegedly not properly treated until he was provided potent psychiatric medications in October 2020, Pet. at 5 & 18, a search of the Public Access to Court Electronic Records (PACER) website reveals that petitioner filed twelve (12) federal civil actions in 2010, nine (9) federal civil actions in 2011, and one (1) federal civil action in 2012. This included a total of four habeas petitions commenced in this District: two were litigated to final orders on the merits and two were transferred to the Western District of New York. *See Phelan v. Bezio*, No. 9:11-CV-0288 (DNH), Dkt. No. 22, Order dated May 24, 2012 (dismissing and denying petition for failure to exhaust and failure to advance meritorious claims); *Phelan v. Sheahan*, No. 9:11-CV-0416 (JKS), Dkt. No. 26, Order dated Jan. 14, 2013 (denying petition as partially unexhausted and procedurally barred and meritless); *Phelan v. Lempke*, No. 9:10-CV-1324 (TJM), Dkt. No. 2, Transfer Order dated Nov. 4, 2010; *Phelan v. Bezio*, No. 9:11-CV-272 (GTS/GHL), Dkt. No. 3, Transfer Order dated Mar. 15, 2011. Therefore, despite his claims otherwise, petitioner's actions indicate that he does not have any confusion about commencing actions or the trajectory of a habeas petition in federal court. *Cf Rivera*, 2017 WL 3017713, at *3 (finding good cause where a petitioner demonstrated "reasonable confusion about whether a state filing would be timely[,]" and thus uncertainty over whether her claims were properly exhausted in state court) (citing *Pace v. Diuglielmo*, 544 U.S. 408, 416-17 (2005)).

Additionally, assuming that any of the reasons petitioner has advanced in his petition are true, dismissing the present action without prejudice would not run afoul of the limitations

5

period. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. *See* 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *See id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012). Other dates from which the limitations period may start running are (1) the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; (2) the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or (3) the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

Petitioner was sentenced on January 18, 2012. Pet. at 1. Because petitioner failed to file a notice of appeal, his conviction became final, on February 17, 2012. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam) (explaining that the one-year statute of limitations began to run when the petitioner's time for filing a notice of appeal from the judgment of conviction expired); *Vaughan v. Lape*, No. 9:05-CV-1323 (DNH), 2007 WL 2042471, *4 (N.D.N.Y. July 12, 2007) ("In New York, a defendant has thirty days after the 'imposition of the sentence' to notify the court that he will appeal.") (quoting CPL § 460.10(1)(a)); *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). Accordingly, petitioner had until February 18, 2013, to timely file his habeas

petition.² The present petition was placed in the mail on December 24, 2020, almost eight years beyond the expiration of the statute of limitations.

However, petitioner has claimed that an alternate accrual date establishes when the statute of limitations period should begin. *See* Pet. at 18. Specifically, petitioner explains that his limitations period should not begin when his judgment was final, pursuant to 28 U.S.C. § 2244(d)(1)(A), but, rather, when "the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence," pursuant to 28 U.S.C. § 2244(d)(1)(D). *Id.* According to petitioner, the statute of limitations should begin to run in October 2020, when petitioner's mental health illnesses were appropriately treated so that he was capable of understanding the constitutional violations which had occurred to him. *Id.* Assuming — without deciding — petitioner's assertions are correct, and giving him the greatest benefit of the doubt, his statute of limitations period would begin to run the last day in October of 2020. Therefore, from October 31, 2020, until today, approximately 233 days out of the 365-day limitation period have run. Accordingly, using the date petitioner argues should be controlling appears to leave only a few months left in the limitations period.

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. "An application for state review is 'pending' until it has achieved final review through the state's post-conviction procedures." *Foster v. Phillips*, No. 1:03-CV-3629, 2005 WL 2978686, at *4 (S.D.N.Y. Nov. 7, 2005) (citing *Carey v. Saffold*, 536 U.S. 214, 220 (2002)), *adopted in part by*, 2007 WL

---

² The limitations period expired on February 16, 2013, which was a Saturday. *See* Fed. R. Civ. P. 6(a)(1)(C).

7

2436202 (S.D.N.Y. Aug. 28, 2007), *judgment aff'd*, 326 F. App'x 597 (2d Cir. 2009). The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Assuming petitioner properly seeks relief in state court challenging his criminal conviction in an expeditious fashion, the limitations period would be statutory tolled. Petitioner would be tasked with first quickly seeking that relief in state court and, once the state court actions have concluded, quickly re-filing the present action in federal court.

Alternatively, liberally construing the arguments presented, petitioner claims that, if he is not entitled to the alternate accrual date, he would still be entitled to equitable tolling given his serious mental illness and the miscarriage of justice that would result because he is actually innocent. Dkt. No. 1-1 at 28-29, 34-35. AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citing, *inter alia*, *Smith* 208 F.3d at 17). The Second Circuit has "set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011).

"Equitable tolling also may be appropriate if the applicant is actually innocent . . . [as a]n actual innocence argument is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court[.]" *Germain v. Racette*, No. 9:13-CV-1530 (MAD/DEP), 2015 WL 7709606, at *10 (N.D.N.Y. Sept. 10, 2015) (internal quotation

8

marks and citations omitted). An actual innocence claim will be recognized only in a "narrow class of truly extraordinary cases [where a petitioner can] present[] credible and compelling claims of actual innocence." *Hyman v. Brown*, 927 F.3d 639, 656 (2d Cir. 2019) (citing *Schlup v. Delo*, 513 U.S. 298, 315 (1995)) (internal quotation marks omitted); *see House v. Bell*, 547 U.S. 518, 538 (2006) (noting that the actual innocence gateway standard is "demanding and permits review only in the extraordinary case.") (internal quotation marks omitted). "The petitioner's burden in making a gateway showing of actual innocence is deliberately demanding." *Hyman*, 927 F.3d at 656 (citing cases).

Here, petitioner argues that he is actually innocent per the *Brady* evidence that was hidden from him. Dkt. No. 1-1 at 34. But for his mental illness, precluding him from diligently discovering the myriad of constitutional violations to which he was subjected, petitioner claims he would have been found innocent of the charges levied against him. *Id.* at 34-35.

In light of the foregoing, the petition is dismissed as unexhausted and premature with leave to re-file once all state court remedies have been successfully exhausted. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address [the petitioner]'s federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss [the petitioner]f's petition without prejudice. This will allow [the petitioner] to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[3]

---

[3] The Court notes that, if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition would be being dismissed for failure to exhaust and not on the merits. *See Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing

Again, crediting petitioner's assertions that either an alternate accrual date or equitable tolling applies, petitioner will have to be vigilant in re-filing his habeas petition after his state court remedies have been exhausted. However, it appears to the Court that, presuming petitioner is correct on the limitations period issues, he should have adequate time to exhaust his state court remedies and recommence the instant action in federal court. *See Zarvela*, 254 F.3d at 383 (commenting that petitioner re-filed his habeas petition within fourteen days after receiving the appellate court's decision).

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is further

**ORDERED** that petitioner's application for appointment of counsel, Pet. at 18-19; Dkt. No. 1-1 at 24, 32, is **DENIED AS MOOT**; and it is further

**ORDERED** that no certificate of appealability (COA) shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[4] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

June 23, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

[4] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).